UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        v.

DAVID RIVARD,

                Defendant.

04 Civ. 1464 (I.L.G.)

---

**FINAL JUDGMENT BY CONSENT AGAINST
DEFENDANT DAVID RIVARD**

The Securities and Exchange Commission having filed a Complaint on April 8, 2004 and Defendant David Rivard ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; previously consented to a Partial Final Judgment that the Court entered on April 8, 2004; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) and of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] promulgated thereunder, by knowingly providing substantial assistance to any issuer failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe:

(a) information and documents (and copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included

    in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l;

(b) annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof) as the Commission may prescribe; and

(c) further material information as may be necessary to make the required statements made, in the light of the circumstances in which they are made, not misleading, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act and violating, or aiding and abetting the violation of, Section 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(b)(5), 78m(b)(2)], and violating Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder by:

(a) falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)] of the Exchange Act; and

(b) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], and violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2] thereunder by, while an officer or director of an issuer:

(a) making or cause to be made a materially false or misleading statement or omission to an accountant in connection with (1) any audit or examination of the financial statements of the issuer required to be made pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to

4

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $65,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,700.96, and a civil penalty in the amount of $75,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], for a total of $158,700.96. The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying David Rivard as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In

5

accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Defendant ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Defendant shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

6

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment forthwith.

Dated: Brooklyn, New York
       October 21, 2004

_____
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                         Plaintiff,   :    04 Civ. 1464 (I.L.G.)
                                      :
            v.                        :
                                      :
DAVID RIVARD,                         :
                                      :
                         Defendant.   :
---

### CONSENT OF DEFENDANT DAVID RIVARD

**I.**

Defendant David Rivard ("Defendant") acknowledges that, together with his attorneys, he has reviewed the Complaint in this action and waives service of the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over himself and over the subject matter of this action. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment By Consent Against Defendant David Rivard ("Final Judgment") in the form attached hereto and incorporated by reference herein, which, among other things:

    a)    Permanently restrains and enjoins Defendant from violating, or aiding and abetting violations of, Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated

       thereunder; Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] and Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] promulgated thereunder; and Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)];

b)    Permanently restrains and enjoins Defendant from aiding and abetting any issuer's violation of Section 13(a) of the Exchange [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13] promulgated thereunder; and

c)    prohibits Defendant, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from acting as an officer or director of any issuer that has a class of securities registers pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## II.

Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### III.

Defendant waives entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and hereby consent to the entry of the Final Judgment without further notice.

### IV.

Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

### V.

Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Defendant ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Defendant agrees that he shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action

brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

Defendant enters into this Consent voluntarily and represents that no threats, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

## VII.

Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

## VIII.

Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

## IX.

Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

## X.

Consistent 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation

11

has been made by the Commission or any member, officer, employee, agent or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity form any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

## XI.

Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket for all purposes. Nothing in this paragraph affects Defendant's (i) testimonial obligations; or (ii) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

## XII.

Defendant hereby waives any rights in the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend this action. For these purposes, Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

## XIII.

In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel lodging,

and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

## XIV.

Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

## XV.

Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

_____
David Rivard

State of N.Y )
            ) ss.:
County of Suffolk )

On 5/10 2004, David Rivard, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

LUCILLE BRAND
Notary Public, State of New York
No. 4736514
Qualified in Suffolk County
Term Expires 5/31/07

_____
Attorney

14

and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

### XIV.

Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

### XV.

Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

_____
David Rivard

State of N.Y     )
                 ) ss.:
County of Suffolk )

On 5/10 2004, David Rivard, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
John Carroll / MKV
Attorney

LUCILLE BRAND
Notary Public, State of New York
No. 4736514
Qualified in Suffolk County
Term Expires 5/31/07

14