UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Petitioner,<br><br>- against -<br><br>DAVID RIVARD,<br><br>Respondent. | 1:15-mc-0221 (ILG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>DAVID RIVARD,<br><br>Defendant. | 1:04-cv-1464 (ILG) |

**ORDER ON CONSENT**

Upon the application of the Securities and Exchange Commission ("Commission") filed on February 5, 2015, for an order (i) enforcing compliance by the Respondent, David Rivard ("Rivard"), with the Commission's order of October 27, 2004 ("2004 Commission Order"), barring Rivard from appearing or practicing before the Commission as an accountant; (ii) requiring Rivard to disgorge the compensation he obtained from his violations of the 2004 Commission Order plus prejudgment interest; (iii) holding Rivard in contempt of the Court's November 4, 2004 Final Judgment by Consent ("2004 Final Judgment"); (iv) ordering Rivard to purge the contempt or be sanctioned; and (v) ordering an asset freeze and directing Rivard to provide an accounting, and

Upon the Commission and Rivard and his wife, Tracey Rivard ("Tracey Rivard"), having entered into a Stipulation for An Order, dated June --, 2015, a copy of which is attached, which partially resolves this action ("the Stipulation");

IT IS HEREBY:

ORDERED, that the 2004 Commission Order be and the same hereby is enforced and shall be made an Order of this Court;

FURTHER ORDERED, that Rivard shall pay to the Commission disgorgement relating to his violation of the 2004 Commission Order in an amount agreed to by the parties and approved by the Court or decided by the Court upon motion of the Commission at a later time, on or before December 3, 2015, if the parties cannot come to an agreement.

FURTHER ORDERED that if a hearing should become necessary to determine the amount of disgorgement and penalties due for Rivard's violation of the 2004 Commission Order, then upon motion by the Commission, the Court shall conduct such a hearing at which: (a) Respondent will be precluded from arguing that he did not violate the 2004 Commission Order and federal securities laws as alleged in the Petition; (b) Respondent may not challenge the validity of the attached Stipulation or this Order; (c) solely for the purposes of determining the amount of disgorgement in the event the parties cannot come to an agreement, the factual allegations of the Petition relating to the enforcement of the 2004 Commission Order and the work performed by Rivard while employed as a consultant or as an employee shall be accepted as and deemed to be true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

FURTHER ORDERED, that the Commission may enforce the Court's order for disgorgement and prejudgment interest relating to the 2004 Commission Order by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of an Order concerning the payment of disgorgement, to be entered upon agreement of the parties or following a hearing before the Court. Respondent Rivard shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

FURTHER ORDERED that Rivard hereby is held to be in Contempt of this Court's 2004 Final Judgment for his failure to pay disgorgement and prejudgment interest obligation as well as post judgment interest on any delinquent amounts with respect to the disgorgement and prejudgment interest obligation pursuant to 28 U.S.C. § 1961.

FURTHER ORDERED that Rivard may purge himself of this contempt by satisfying a payment plan agreed to by the parties and approved by the Court or decided by the Court upon motion of the Commission at a later time, on or before December 3, 2015, if the parties cannot come to an agreement.

FURTHER ORDERED that in connection with the Court's finding of contempt, the Commission may take discovery concerning Rivard's financial condition, including discovery from appropriate non-parties, in order to ascertain what a reasonable payment plan may be.

FURTHER ORDERED that within 90 days of this Order, Rivard shall submit in writing and serve upon the Commission, an accounting identifying:

1.  from April 2009 to the present, all transfers or payments of funds to Rivard or any other entity or person at Rivard's direction, including Cape Consulting, Inc., from any source, including Verint Systems, Inc. ("Verint") (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number

and financial institution of the person or entity making and the person or entity receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

- the nature and results of any investment in which the funds were used;
- any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the person or entity making and receiving the transfer or payment, and the reason for the transfer or payment);
- any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses; and
- all funds that were transferred by Cape Consulting, Inc., after receiving funds from Verint..

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Rivard and Tracey Rivard, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Rivard, or in which Rivard has or had any direct or indirect beneficial interest, at any time from April 2009 to the present.

FURTHER ORDERED that as the Stipulation provides that Rivard and Tracey Rivard will execute a mortgage deed in favor of the Commission as the mortgagee in the form attached to the Stipulation for the property located at 77 Saddle Rock Road, East Setauket, New York in which such mortgage deed shall secure the amount of $201,279.58, the balance due as of June 3, 2015 on the November 2004 Final Judgment (including disgorgement, prejudgment interest, civil money penalty, and postjudgment interest thereon), the Commission shall not enforce such mortgage by foreclosure or otherwise until such time as the Court finds that David Rivard has failed to comply with the terms of a payment plan agreed to by the parties and approved by the Court, or decided by the Court upon motion of the Commission if the parties cannot come to an agreement, such payment plan to be ordered on or before December 3, 2015.

FURTHER ORDERED that Rivard's failure to adhere to the terms of this Order and Stipulation will be considered a failure by Rivard to cure the contempt of the 2004 Final Judgment and the Court will consider imposing further relief to enforce that order.

FURTHER ORDERED, that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated at New York, New York, June 3, 2015

_____
UNITED STATES DISTRICT JUDGE

- 5 -