UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 1:04-cv-1464 (ILG) |
| Plaintiff, | |
| - against - | |
| DAVID RIVARD, | |
| Defendant. | |



**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 2 4 2016 ★
BROOKLYN OFFICE

## STIPULATION AND [PROPOSED] ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, by and between the Petitioner / Plaintiff Securities and Exchange Commission (the "Commission"), the Respondent / Defendant David Rivard and non-party Tracey Rivard as follows:

1. With respect to the judgment entered in the Commission's favor in *Securities and Exchange Commission v. David Rivard*, 1:04-cv-1464 (ILG) (E.D.N.Y.) (DN 5) (the "2004 Judgment"), the Commission, David Rivard, and Tracey Rivard agree that, as of June 24, 2016, the total amount due and owing with respect to the judgment entered in that action against David Rivard is as follows:

| | |
|---|---|
| Disgorgement | $65,000.00 |
| Prejudgment Interest | $18,700.96 |
| Postjudgment Interest on Disgorgement | $25,009.68 |
| Civil Money Penalty | $75,000.00 |
| Postjudgment Interest on Civil Money Penalty | $22,409.83 |
| TOTAL | $206,120.47 |

Postjudgment interest will continue to accrue pursuant to 28 U.S.C. § 1961 at the rate of 1.25% a year, compounded annually.

2. To satisfy the above amount due and owing on the 2004 Judgment, David Rivard shall make payments as follows:

        a.      Commencing on July 1, 2016, and on the first day of each month thereafter, $300.00;

        b.      Commencing on July 1, 2017, and on the first day of each month thereafter, $500.00;

        c.      Commencing on July 1, 2018, and on the first day of each month thereafter, $1,200.00;

        d.      Commencing on July 1, 2019, and on the first day of each month thereafter, $1,500.00;

        e.      The unpaid balance of the 2004 Judgment on July 1, 2021.

All payments will be applied first to postjudgment interest, then to the civil money penalty, then to prejudgment interest, and finally to disgorgement.

      3.      With respect to the above payment schedule:

      a.      If David Rivard claims that he is financially unable to make the final payment due on July 1, 2021, he shall so notify the Commission in writing no later than January 1, 2021. The Commission and David Rivard agree to negotiate in good faith concerning further arrangements for the payment of that amount over time. If the parties are unable to reach agreement, the Commission shall be entitled to resort to all remedies available to collect the debt as provided in Paragraph 7 below.

      b.      In the event of a material positive change in David Rivard's financial condition (which shall include the financial condition of Tracey Rivard if she and David Rivard are then married), the Commission may request that the amount of payments due as provided in Paragraphs 2(b), 2(c), and/or 2(d) be modified to increase the amount of the payments. If the Commission and David Rivard are unable to agree upon modification following good faith negotiations, either may move the Court for the entry of such further order as may be appropriate under the circumstances.

c.      In the event of a material negative change in David Rivard's financial condition
(which shall include the financial condition of Tracey Rivard if she and David Rivard are then
married) following a modification upward pursuant to part (b) of this Paragraph, David Rivard may
request that the amount of such payments be decreased to the amount of payments due as provided
in Paragraphs 2(b), 2(c), and/or 2(d) above.  If the Commission and David Rivard are unable to
agree upon modification following good faith negotiations, either may move the Court for the entry
of such further order as may be appropriate under the circumstances, provided that the amount of
such monthly payment shall not be reduced pursuant to this paragraph below the amount then
applicable under Paragraph 2 above.

d.      As used in Paragraphs 3(b) and (c), a material positive change is an annual increase of
20% or more, and a material negative change is an annual decrease of 20% or more, from the joint
annual income of David Rivard and Tracey Rivard, determined on the basis of their annualized joint
income for the period October 1, 2015 through June 30, 2016, or from the joint assets of David
Rivard and Tracey Rivard, as of December 31, 2015.  David Rivard's and Tracey Rivard's joint
income and assets will be evaluated annually to determine whether such a material increase or
decrease has occurred, following David Rivard's submission of annual statements of his financial
condition for the prior calendar year to the Commission, as provided in Paragraph 6.

4.      Nothing in this Stipulation shall impair the ability of David Rivard and/or Tracey
Rivard (to the extent that her property is affected thereby) to seek relief from the Court pursuant to
New York Civil Practice Law and Rules 5240 (providing for modification of or a protective order
relating to enforcement of judgments) or other applicable provision of law.

5.      For such time as David Rivard makes payments pursuant to the schedule set forth in
Paragraph 2 (as the same may be modified pursuant to Paragraph 3) and provided that David Rivard
provides the Commission with such statements and documents as are required pursuant to

- 3 -

Paragraph 6, the Commission will not take further action to enforce the 2004 Judgment by execution, garnishment, levy, contempt, or other process or proceedings. With respect to payments pursuant to Paragraph 2 above, David Rivard shall have a three (3) calendar day grace period. If David Rivard (a) fails to make any payment due as provided in Paragraph 2 above (subject to the grace period as provided by this Paragraph) or (b) fails to provide the Commission with his financial statement and/or income tax return as provided in Paragraph 6 below, the Commission may, in its discretion, declare David Rivard in default and pursue the remedies provided in Paragraph 7 below. Any decision by the Commission not to declare David Rivard in default does not waive its right to so declare at a later date as to any default under this paragraph by David Rivard.

6.      David Rivard shall provide the Commission with annual statements of his financial condition for the prior calendar year, under oath, no later than April 30. Each annual statement shall show David Rivard's (and Tracey Rivard's, if they are then married) income and expenses, any gifts he or she may have given or received, and any change to his or her assets or liabilities from the prior annual statement. Such information may be initially provided in summary form, but upon the request of the Commission David Rivard shall provide reasonable additional information and documentation. In addition, David Rivard shall provide the Commission with a copy of his federal income tax return for each calendar year beginning with 2015 within 30 days of its filing, but not in any event later than November 15 of the subsequent year.

7.      In the event that the Commission declares that David Rivard is in default as provided in Paragraph 5 above, it shall file a written statement of default with the Court. Upon the filing of such written statement of default:

a.      The Commission may take action to enforce the 2004 Judgment, including, but not limited to execution, garnishment, levy, or contempt;

- 4 -

    b.  The Commission may seek the sale of the property upon which the

       Commission holds a mortgage and/or judgment lien; and

    c.  David Rivard shall be liable for the 10% surcharge, as provided by 28 U.S.C.

       § 3011(a), on the amount of the civil penalty then owing.

  8.  David Rivard and Tracey Rivard may refinance their property upon which the Commission holds a mortgage, and the Commission shall subordinate its mortgage to the refinanced mortgage, if (a) the principal amount of the refinanced mortgage is equal to or less than the principal amount of the mortgage being refinanced and (b) the monthly payment on the refinanced mortgage is equal to or less than the monthly payment on the mortgage being refinanced. David Rivard and Tracey Rivard will notify the Commission of their intent to so refinance within three days of submitting any and all refinancing applications and provide the applications and supporting documents to the Commission at the time of such notification.  In the event that David Rivard and Tracey Rivard, for the purpose of reducing living expenses, seek to sell the property upon which the Commission holds a mortgage, David Rivard and Tracey Rivard may propose terms of sale and request the Commission's approval to sell the property.  Approval may be granted in the Commission's discretion and on such terms and conditions as the Commission may agree.

  9.  The Commission, David Rivard, and Tracey Rivard each agree to this Stipulation and jointly request that the Court enter the Proposed Order attached hereto granting the relief sought by the Commission.

  10.  All provisions of the Stipulation previously entered into herein and ordered by the Court on June 3, 2015 (DN 19 and 20) shall remain in full force and effect except as they are expressly modified by or inconsistent with the provisions herein.

  11.  Tracey Rivard voluntarily agrees to the terms of this Stipulation that apply to her, and understands that the Commission may be entitled to relief affecting her based upon such

- 5 -

provisions. Tracey Rivard represents that she has reviewed and understands the terms of this Stipulation and that she executes it of her own volition and without any promises, inducements, or threats having been made to her. The Commission agrees that its entitlement to relief affecting Tracey Rivard based on this Stipulation is limited to the Commission's efforts to enforce the 2004 Judgment.

12.     David Rivard and Tracey Rivard waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure with respect to the factual and legal conclusions stipulated to herein.

13.     David Rivard and Tracey Rivard waive the right, if any, to a jury trial, with respect to the factual and legal conclusions stipulated to herein.

14.     David Rivard and Tracey Rivard enter into this Stipulation voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce them to enter into this Stipulation.

15.     David Rivard and Tracey Rivard hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by them to defend against this action. For these purposes, they agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

16.     David Rivard agrees that in connection with proceedings to modify the amount of payments pursuant to Paragraph 3 above, the Commission may take discovery concerning Rivard's financial condition, including discovery from appropriate non-parties.

- 6 -

17.   This Stipulation constitutes the entire agreement of the parties and the non-party

Tracey Rivard.

Dated at New York, New York, this 22nd day of June, 2016.

Alexander M. Vasilescu
Attorney for Petitioner / Plaintiff
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.:   212-336-1353

John K. Carroll / JES
John K. Carroll
Attorney for Respondent / Defendant
Skadden, Arps, Slate, Meagher & Flom LLP'
Four Times Square
New York, NY 10036

Tel.:   212-735-3000

David Rivard

Tracey Rivard

SO ORDERED at Brooklyn, New York, June 24, 2016

UNITED STATES DISTRICT JUDGE